**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-06-0149-F |
| | ) |
| EARNEST BROWN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant's "Motion to Return Seized Property [Pursuant to] Federal Rules of Criminal Procedure 41(g)," filed May 17, 2007, is before the court. (Doc. no. 70.) Briefing is complete, and the motion is ready to be determined. Defendant appears *pro se*, and his pleadings are liberally construed.

Under Rule 41(g) of the Fed. R. Crim. P., defendant seeks the return of $1,300.00 in cash and a 1994 Mercedes-Benz car, seized at the time of his arrest on May 22, 2006, in Canadian County. In response, the government states that the subject property was seized by state authorities (the Oklahoma Bureau of Narcotics and Dangerous Drugs Control), that the property remains in the custody and control of the state authorities, that the property has never been in federal possession, that the property was not considered evidence in this case, that the property is the subject of state forfeiture proceedings, and that none of the limited circumstances in which Rule 41(g) may be used as a vehicle to return property seized by state authorities, apply in this case.

In its order of June 15, 2007, the court ordered the defendant, if he contested any of the government's factual contentions, to file a reply brief stating which of the government's factual contentions he contested and why. Although the defendant filed

a reply brief which makes certain legal arguments, his brief does not contest any of the government's specific factual contentions.[1] The court deems the government's factual contentions established as confessed, making it unnecessary to receive any evidence because all material facts are undisputed.

Thus, the court finds the following facts established for purposes of this motion, all as described in the government's response brief: the property in question was seized by state authorities, specifically, by the Oklahoma Bureau of Narcotics and Dangerous Drugs Control; the property has since remained in the custody of the OBNDD and has never been in federal possession; the property was not considered evidence in a federal prosecution (although photographs of the property might have been introduced in the federal prosecution); the property was not seized by state officials acting at the direction of federal authorities in an agency capacity; and the property is the subject of state forfeiture proceedings instituted by the OBNDD on June 9, 2006.

As reiterated in United States v. Copeman, 458 F.3d 1070, 1071 (10th Cir. 2006), quoting Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1979):

> [T]here are some limited circumstances under which Rule 41([g]) can be used as a vehicle to petition for the return of property seized by state authorities. Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity.

---

[1] Defendant's reply brief states his contention that the state and federal authorities worked together as confederates, but he does not contest that state authorities seized the property and retain possession of the property. As for the legal arguments presented in the reply brief, the court has considered but rejects those arguments. The Tenth Circuit case cited by the defendant has been partially abrogated. See n. 2 below. The Ninth Circuit and First Circuit cases cited in the reply brief involved investigations and seizures by federal agencies, not state agencies.

In Copeman,² the circuit court affirmed the district court's dismissal with prejudice of the defendant's motion for return of property. In doing so, the court stated that it agreed with both of the grounds cited by the district court, and that either one of the two grounds constituted a sufficient basis to deny the motion. *Id*. at 1072. The two grounds cited by the district court and affirmed by the circuit in Copeman were first, that the United States was not currently in actual or constructive possession of the property, and second, that the defendant had an adequate remedy at law in the courts of the State of Oklahoma. *Id*.

In this matter as in Copeman, the subject property is not in federal custody or possession, and defendant has state court remedies which are adequate. For both of these reasons, either one of which would be sufficient, the court finds and concludes that it has no basis upon which to order return of the property under Rule 41(g), Fed. R. Crim. P. Accordingly, after careful consideration of the parties' submissions, the record and the relevant legal authorities, defendant's motion for return of property is **DENIED**.

Dated this 16th day of July, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0149p014.wpd

---

²In his reply brief, defendant relies on United States v. Fabela-Garcia, 753 F. Supp. 326 (D. Utah 1989), a decision which Copeman notes was partially abrogated by Clymore. Copeman, at 1072.